# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSE DESRAVINES, and GISLENE LAURORE,**

        **Plaintiffs,**

**-vs-**	Case No. **6:11-cv-235-Orl-22DAB**

**FLORIDA DEPARTMENT OF FINANCIAL SERVICES, FLORIDA DEPARTMENT OF LAW ENFORCEMENT, DETECTIVE LAQUANDA S. COACHMAN, DETECTIVE JOHN SAVINO, JUDGE WAYNE SHOEMAKER, BRISTOL WEST INSURANCE SERVICES, INC. OF FLORIDA, SECURITY NATIONAL INSURANCE COMPANY, AIG INSURANCE/NEW HAMPSHIRE INDEMNITY COMPANY, INC., 21ST CENTURY SECURITY INSURANCE COMPANY, FLORIDA INSURANCE & FINANCIAL SERVICES, ELIE ENEL, PATRICK LUBIN, GLOABAL INSURANCE AGENCY ALLIANCE, L.L.C., BETTY MUIGAI, STATE ATTORNEY'S OFFICE, JANE DOES, JOHN DOES,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF JOSE DESRAVINES' APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:**    **February 11, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice. To the extent the Application attempts to represent Plaintiff Laurore, it does not, and it is **DENIED without prejudice.**

Plaintiffs filed suit asserting civil rights violations and state tort claims against fifteen separate Defendants for claims arising out of their arrests for motor vehicle insurance fraud after Plaintiffs obtained vehicle insurance representing they were "married," which turned out to be to different spouses, and not to each other. Doc. 1. Following a state investigation and execution of warrants, Plaintiffs were arrested in February 2009. Doc. 1. In May and July 2010, the state entered nolle prosequi on the charges against both Plaintiffs. Doc. 1-1 at 35-38.

Plaintiffs have filed a single count civil rights action against the Florida Department of Financial Services, Florida Department of Law Enforcement, Detectives Laquanda S. Coachman and John Savino, Judge Wayne Shoemaker, the State Attorney's Office, several insurance companies and insurance agents[1], as well as unidentified Doe Defendants, who are described as unknown "co-conspirators." Doc. 1.

In reviewing an application to proceed *in forma pauperis,* the Court may dismiss the case or refuse to permit it to continue without payment of fees "if the court determines that . . . (B) the action or appeal- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Thus, in order to proceed *in forma pauperis*, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts and the Court may dismiss the case or refuse to permit it to continue without payment of fees if the Plaintiff fails to allege a non frivolous cause of action within the limited jurisdiction of the federal court.

---

[1] Bristol West Insurance Services, Inc. of Florida. Security National Insurance Company, AIG Insurance/New Hampshire Indemnity Company, Inc., 21st Century Security Insurance Company, Florida Insurance & Financial Services, Elie Enel, Patrick Lubin, Gloabal Insurance Agency Alliance, L.L.C., and Betty Mulgai.

The Complaint alleges a single civil right claim pursuant to 42 U.S.C. § 1983 for false arrest[2] for Plaintiffs' arrests on the insurance fraud charges and the subsequent prosecution of the criminal charges against them.

For various reasons, it is respectfully **RECOMMENDED** that the Complaint be dismissed and Plaintiffs be granted leave to file an amended complaint.

# Analysis

Plaintiffs' claims, though confusingly pled, appear to be directed to their arrest. Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 claims may be precluded from review unless the conviction was reversed on appeal or somehow invalidated, according to the decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, a state prisoner filed a § 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which has as a required element that the accused prove the termination of the prior

---

[2] Plaintiffs also cite a laundry list of other § 1983 violations, including "detention and confinement," "strip search," conspiracy, and "refusing or neglecting to prevent", and related state torts of malicious prosecution, malicious abuse of process, false arrest, false imprisonment, illegal seizure, conversion, fraud, "misrepresentation fraudulent," misrepresentation negligence, injurious falsehood, defamation libel, defamation slandered, defamation per se, slander of title, "negligence retention," conspiracy, negligent and intentional infliction of emotional distress, and invasion of privacy false light. However, they fail to allege any supporting facts particular to these other 30 items on the list and/or list them as counts in the Complaint. Doc. 1. Plaintiffs also cite a violation of "Mass. Civil Rights Act (M.G.L. c. 12, sec. 111)" for some reason unclear to the Court. Doc. 1 at 2. The Court notes that Plaintiff Jose Desravines filed the nearly identical laundry list in a case he attempted to file on behalf of his children who were arrested for shoplifting. *See* Case No. 6:10cv1773-31DAB.

-3-

criminal proceeding in favor of the accused. 512 U.S. at 484, 114 S.Ct. at 2371. The Supreme Court opined:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it had always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed (footnote omitted), in the absence of some other bar to the suit (footnote omitted).

*Id.* at 486-87, 114 S.Ct. at 2372-73 (emphasis added).

The *Heck* decision requires a plaintiff in a § 1983 action who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," to make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. *Id*. at 486-87, 114 S.Ct. at 2372. If a plaintiff fails to make this showing, then no cause of action under § 1983 exists. *Id*. at 489, 114 S.Ct. 2373. If, in a § 1983 action, a plaintiff contends that a favorable ruling on his claims would *not* invalidate his conviction, sentence, confinement, or other

criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. *Id.* at 487, 114 S.Ct. at 2373.

Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy *Heck*'s favorable termination requirement. *See, e.g., Gray v. Kinsey*, No. 3:09-cv-324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) (finding plaintiff's claims barred by *Heck's* favorable termination requirement where plaintiff sought invalidation of his traffic conviction but failed to appeal the conviction in state court); *Domotor v. Wennet*, 630 F. Supp.2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that Heck seeks to preclude" because Plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a § 1983 action for damages); *St. Germain v. Isenhower*, 98 F. Supp. 2d 1366, 1372 (S.D. Fla. 2000) (holding plaintiff's convictions for the lesser-included offenses of false imprisonment and misdemeanor battery did not constitute a favorable termination and thus plaintiff's § 1983 action was precluded by *Heck*). While the determination of whether a disposition is 'favorable' may be complex, generally, "only terminations that indicate the accused is innocent outright ought to be considered favorable." *St. Germain*, 98 F. Supp. 2d at 1371 (citing *Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir. 1998).

It appears based on the exhibits to the Complaint that Plaintiffs had *nolle prosequi* entered on the charges against them. The Eleventh Circuit has held that where the criminal charge is *nolle prosequied*, a false arrest claim is not barred by *Heck*. *See Simpson v. Stewart*, No. 09-11647, 386 Fed. Appx. 859 (11th Cir. July 9, 2010). Thus Plaintiffs' civil rights claim is not barred against some of the Defendants. However, there are other issues as to the § 1983 claims as they are pled in the

Complaint because some Defendants are immune from suit or cannot be sued under § 1983 for civil rights violations.

### State Judge and State Attorney Immunity

As to the claims against the state court judge and the State Attorney's office, both are immune from suit, and Plaintiffs cannot bring claims against them because the judge and prosecutor are immune from such relief. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir.2000) (per curiam); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). Such immunity protects judges from liability for damages unless the judge acts in "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Similarly, "[a] prosecutor is entitled to absolute immunity from suit for all actions he takes while performing his function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004). When a plaintiff fails to offer facts or law to support allegations that the judge or prosecutor are acting outside the scope of their normal judicial functions, or doing anything other than normal judicial or prosecutorial functions, they are entitled to absolute immunity. *See Weaver,* 294 Fed.Appx. at 534. Thus, Plaintiffs cannot bring any claims against Judge Shoemaker or the State Attorney's office, under the facts alleged and these claims must be dismissed.

### Civil rights claims against private insurance companies and agents

Plaintiffs assert that the Defendant insurance companies and insurance agents violated 42 U.S.C. § 1983 by "keep[ing] all money that [Plaintiffs] paid to them in premium moreover the defendants charge[d] each of [the Plaintiffs] $21,991, money they alleged that we deceived the insurance company for including $1786.49 investigation cost." Doc. 1 at 11. Plaintiffs also allege

-6-

that the insurance Defendants violated § 1983 by providing the information about Plaintiffs to law enforcement investigators. Doc. 1 at 11.

As is plain from the statute, § 1983 only applies against those who act under the color of law. In order "[t]o establish a claim under 42 U.S.C. § 1983, [plaintiff] must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir.2005) (emphasis added) (citing *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)). Defendants acting under color of state law are "clothed with the authority of state law," *West*, 487 U.S. at 49 (citations omitted), and their "deprivation of a federal right [must] be fairly attributable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

Plaintiffs have not alleged that the insurance company Defendants, private corporations, or their insurance agents, were state actors. "Only in rare circumstances can a private party be viewed as a '[S]tate actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992). To find any of the private-party Defendants to be state actors, the Court must find either: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise.' ('nexus/joint action test')." *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Commc'n Workers of Am.*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). None of those factors have been alleged by Plaintiff in their Complaint. Moreover, there are no facts supporting an independent "false arrest" by the insurance company Defendants, as opposed to complaints of fraud that led to the investigation and eventual arrest.

### Florida Department of Law Enforcement or the Florida Department of Financial Services

Plaintiffs attempt to assert claims under 42 U.S.C. § 1983 against the Florida Department of Law Enforcement (FDLE) and the Florida Department of Financial Services. However, such claims, which are really against the State of Florida, are barred by the Eleventh Amendment, as are any claims against individual state defendants in their official capacities. *Scott v. Taylor*, 405 F.3d 1251, 1255 (11th Cir. 2005); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). Because FDLE and the Florida Department of Financial Services are state agencies, Irwin's claims against the agencies are barred by the Eleventh Amendment.

Plaintiffs also cannot state a § 1983 against the state agencies because the agencies are not considered "persons." A cause of action brought under § 1983 has two essential elements: (1) the conduct complained of must have been committed by a person acting under color of state law, and (2) the conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *Whitehorn v. Harrelson*, 758 F.2d 1416, 1419-20 (11th Cir. 1985) (citing 42 U.S.C. § 1983). A state and its agencies are not "persons" within the meaning of § 1983. *See Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995).

## Summary of Recommendations

It is respectfully **RECOMMENDED** that the current Motion for IFP filed solely by Jose Desravines be **DENIED** without prejudice for failure to answer completely question #3 regarding other income. It is also respectfully recommended that Plaintiff Gislene Laurore be granted leave to file within 14 days her own *separate, individual* application to proceed in forma pauperis stating her individual income and assets.

It is further respectfully **RECOMMENDED** that, to the extent Plaintiffs seek to proceed on their § 1983 claims without payment of fees, they be granted leave to file within 14 days an amended complaint that asserts § 1983 claims **only** against the arresting officers, and does not assert § 1983 claims against the state judge, the State Attorney's office, the insurance companies, or the insurance agents for the reasons explained above.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 23, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Unrepresented Party